Barclay *v.* Clyde.

---

### BARCLAY *v.* CLYDE and others.

The liability of a common carrier, who receives and ships goods at New York, directed to a firm at a certain number and street in Philadelphia, continues after the arrival of the vessel at the wharf in that city, until notice is given to the consignee, and reasonable time allowed him for their removal.
But where the direction is to another and more distant point than that at which

his own route terminates, the carrier's responsibility is at an end when he delivers the goods, in the usual course of business, to the other carriers, to be forwarded by them.

Where certain furniture, belonging to the plaintiff, was boxed and was transported, by the defendants, in their vessel, from New York to Philadelphia, and on its arrival, was taken, with a bill of charges, by a carman in their employ to the particular place designated, and there delivered to the persons to whom it was addressed, who paid the freight and cartage; *held*, that it was competent (in an action to recover damages for injuries to the articles) to prove their condition when received from the carman.

In this action, the plaintiff recovered judgment in one of the lower courts, against the defendants, for damages to certain furniture entrusted to them as common carriers. The defendants appealed to this court. The material facts are given in the opinion.

By THE COURT. DALY, J.—The complaint avers, that the defendants received the six cases of furniture at New York, to be carried to Philadelphia, and there safely and securely to be delivered to the plaintiff. This is denied by the answer. On the trial it was found that the six cases were delivered to the receiving clerk of the defendants, on board their steamboat at New York, and receipt given by the clerk, in these words: "Received, New York, May 7, 1852, from Henry H. Leeds & Co., in good order, on board steamer Penobscot, six cases of furniture, marked Barclay & Co., 14 Portico Square, Philadelphia."

It further appeared, that the furniture was brought by a carman, with the bill for the freight, to the place designated in Philadelphia, and there delivered; and on the day following, the carman called again with the bill of the freight, which was paid by the plaintiff, who also paid to the carman his cartage. The plaintiff then offered to show the damaged condition of the furniture when it was received from the carman, to which the defendants objected, and the justice sustained the objection, upon the ground that the voyage terminated at the wharf, and that, the defendants having employed a regularly licensed carman in Philadelphia to take the

Barclay *v.* Clyde.

goods from the steamer to the plaintiff's residence, their liability was at an end when they had delivered the furniture to the carman; or, in the language of the justice, the test of their liability was the state of the furniture when the voyage was terminated, and not its condition when it was delivered at the plaintiff's residence.

In *Price* v. *Powell*, 3 Comst. 322, it was held, that a delivery upon the wharf will not discharge the carrier, unless notice be given to the consignee, and that the liability of the carrier continues until the consignee has had a reasonable time, after notice, to remove the goods. The reason of this rule equally applies where the carrier, after the arrival of the vessel, sends the goods by a carman to the particular place designated on the parcel or box, at the port of destination. It makes no difference whether the cost of the transportation from the vessel, to the particular place designated, is paid by the person who receives the goods or by the carrier, the liability of the carrier continues until the person who receives them has notice, and he had no notice in this case, until the furniture was brought to his house by the carman. (*Ostrander* v. *Brown*, 15 Johns. 39; *Hubbs* v. *Royal Exchange Assurance Co.*, 2 B. & P. 430; *Fisk* v. *Newton*, 1 Denio, 45.) A different rule prevails where the carrier, as in *Van Santvoord* v. *St. John*, 6 Hill, 157, is engaged in carrying only to a particular place, and the goods are destined to a distant place beyond his route. In such a case his liability is at an end when he delivers the goods to another carrier, in the usual course of business, to forward them on the route. But independent of the rule here stated, this evidence was admissible in any aspect. The furniture was packed up in boxes, at New York, when delivered to the defendants, and it appears to have been delivered in that state at the plaintiff's residence in Philadelphia. It was, therefore, impossible to show its damaged condition at all, unless the plaintiff could prove the state it was in when the boxes were opened, at his residence. The very nature of the injury, if the plaintiff had been allowed to show it, may have been such as to

have satisfied the justice that it could not have been received in the transportation of the boxes from the vessel to the residence of the plaintiff, but must have been received when on board the vessel, or before it was delivered to the carman. Within the rule, therefore, adopted by the justice, the testimony was admissible.

Judgment affirmed.